Saii **JOHARI**, Plaintiff–Appellant,

v.

**BIG EASY RESTAURANTS, INC.,
et al., Defendants–Appellees.**

No. 03–3432.

United States Court of Appeals,
Sixth Circuit.

Oct. 20, 2003.

Saii Johari, Columbus, OH, pro se.

Keith W. Schneider, Jonathan R. Secrest, Maguire & Schneider, Columbus, OH, for Defendant–Appellee.

Before KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judge.[*]

## ORDER

Saii Johari, an Ohio resident proceeding pro se, appeals the district court judgment granting summary judgment to the defendants in this employment discrimination case brought under 42 U.S.C. § 1981 and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Johari sued Big Easy Cajun Restaurants, Inc. (Big Easy) of Columbus, Ohio, and Big Easy employees David Tepun, Eric Yen, Alex Marr, and Ed Thepsouvanh. Johari, who is African–American, alleged that the defendants discriminated against him on the basis of race when they failed to promote him, demoted him, assigned him less desirable job duties, and reduced his work hours. He also alleged that these actions constituted retaliation, fraud, and the intentional infliction of emotional distress, and that the defendants failed to provide a smoke-free work environment. After a period of discovery, the defendants moved for summary judgment. Johari moved for leave to amend his complaint, to strike his deposition, and for the appointment of counsel. The district court denied Johari's motions and granted summary judgment to the defendants.

On appeal, Johari argues that: (1) he was the restaurant's most efficient cashier; (2) the defendants' reason for reducing his hours was a pretext; (3) the defendants attempted to retaliate against him by creating false charges of sexual harassment; and (4) the district court should have stricken his deposition.

Initially, we note that Johari does not argue that the district court erred by dismissing his state law claims of fraud and

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

the intentional infliction of emotional distress. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). In addition, Johari did not refer to his second-hand smoke claim until his reply brief. Issues raised for the first time in a reply brief are not properly before this court. *Pachla v. Saunders Sys., Inc.,* 899 F.2d 496, 502 (6th Cir.1990). Finally, the district court denied Johari's motion to amend his complaint to add the claim that the defendants made false charges of sexual harassment. Accordingly, we need not address these claims.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. Johari began working for Big Easy in March 2000. He completed his probationary period successfully and worked as a cashier. Johari twice applied to be a cook after positions opened, but the restaurant hired other candidates. Johari alleged it was company policy to hire only Mexicans as cooks. According to Johari, Thepsouvanh imposed a "caste" system on Big Easy employees when he became manager. He allegedly favored Asians over whites, whites over other minorities, other minorities over blacks, and light-skinned blacks over dark-skinned blacks. Johari also claimed that Thepsouvanh retaliated against him by reducing his work schedule.

■ The defendants were entitled to a judgment as a matter of law. The defendants' failure to hire Johari as a cook and their reduction of Johari's hours when Thepsouvanh became manager were not adverse actions because there was no evidence that cooks made more money than other Big Easy staff, and Thepsouvanh initially reduced the hours of all of the employees, not just black workers and not just Johari. Johari presented no proof, other than his own speculation, that Big Easy used a "caste" system. Thus, Johari could not show that he was treated worse than a similarly situated non-protected person. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir.1992).

■ The only adverse action Johari suffered was when Thepsouvanh reduced Johari's hours while raising those of other employees. The defendants asserted that they did so to sanction Johari for poor performance and to reward others for good performance. Two defendants described deficiencies in Johari's performance, and Johari presented only his own opinion that Thepsouvanh was imposing a "caste" system. Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The defendants articulated a legitimate non-discriminatory reason for their decision to penalize Johari, and Johari did not show that the reason was a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ The district court also properly held that the defendants were entitled to summary judgment on Johari's claim of retaliation. *See Allen v. Mich. Dep't of*

*Corr.,* 165 F.3d 405, 412 (6th Cir.1999). Johari alleged that Thepsouvanh reduced his work hours to retaliate against Johari for reporting that Mexican cooks mishandled food and for telling Thepsouvanh that Buddha was black. The district court held that, even if Johari's actions could be considered protected activity, the defendants articulated a legitimate, non-discriminatory reason for reducing Johari's hours. Thus, for the reasons stated above, Johari failed to present evidence of discrimination and the defendants were entitled to a judgment as a matter of law.

We have considered Johari's arguments on appeal and conclude that they are without merit. Johari failed to carry his ultimate burden of producing evidence on which a jury could reasonably find that the defendants discriminated against him because of his race. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Burdine,* 450 U.S. at 254–55. For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.